# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00992-TWP-DML |
| | ) |
| LARRY FOWLER, LISA ASH, DUSHAN ZATECKY, Mr. ALSIP, Mr. LIGONIER, Mr. COLE, MICHELLE RAINS, PENNY EDEN, Ms. POTTER, DAVIS, Property Officer, LONG, Internal Affairs, STANFORD, Internal Affairs, SARAH PECKHAM, Counselor, Offr. STURGELL, Offr. HAMILTON, Sgt. PRESTEL, Sgt. MCKINNLEY, Lt. KAYLOR, Offr. BOULES, Cpt. PEROLE, Cpt. GUILLE, Cpt. CONYERS, DUNKIN, Internal Affairs, Major ELLIOTT, Sgt. MILLER, Offr. WEDDELL, Sgt. REED, Sgt. GARHAM, Offr. POP, Sgt. BAGENSKI, Sgt. COMMANDER, Offr. ZARATE, PAULA DICKSON, ALICIA MCCULLOUGH, Dr. TALBOT, Dr. PERRY, BOLMAN, MHP, RICHARDSON, MHP, Dr. DWENGER, Dr. BADE, CORIZON, and WEXFORD HEALTH SERVICES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ENTRY GRANTING *IN FORMA PAUPERIS* STATUS, GRANTING MOTION TO AMEND COMPLAINT, SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS

This matter is before the Court on pro se Plaintiff, Anthony C. Martin's ("Martin") Motion for Leave to Proceed *in forma pauperis*, Dkt. [2], and Motion to Amend Complaint, Dkt. [5]. The Court **grants** the Motions in accordance with the directions set forth below.

### I. *IN FORMA PAUPERIS* STATUS

Martin's Motion for Leave to Proceed *in forma pauperis*, Dkt. [2], is **granted**. Notwithstanding the foregoing ruling, Martin still owes the entire filing fee. "All [28 U.S.C.]

§ 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (emphasis in original).

## II. MOTION TO AMEND COMPLAINT

Martin is incarcerated at Pendleton Correctional Facility. On March 29, 2018, Martin filed a civil rights complaint pursuant to 42 U.S.C. § 1983, against 42 defendants. On April 3, 2018, Martin filed an Amended Complaint, Dkt. [4], also against 42 defendants, and a Motion to Amend Complaint, Dkt. [5], to which he attached a proposed complaint against 48 defendants. Martin's Motion to Amend Complaint, Dkt. [5], is **granted.** The **Clerk is directed to docket** the proposed amended complaint, Dkt. [5]-1, as the Second Amended Complaint.

## III. SCREENING OF SECOND AMENDED COMPLAINT

The Second Amended Complaint is now subject to the screening required by 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

The Second Amended Complaint alleges a variety of civil rights abuses, including excessive force, deliberate indifference, and retaliation in unrelated incidents spanning a nineteen month period beginning in August 2016. Martin seeks compensatory damages and injunctive relief.

Federal Rule of Civil Procedure 18 permits a plaintiff to bring, in one lawsuit, every claim he has against a single defendant. Fed. R. Civ. P. 18(a). However, to join multiple defendants in

2

a single action, Rule 20 requires that the plaintiff assert at least one claim against all of them "arising out of the same transaction, occurrence, or series of transactions or occurrences" and that "any question of law or fact common to all defendants will arise in the action." *Id*. 20(a)(2). Working together, these two rules mean that "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Consequently, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Rule 20 applies as much to cases brought by prisoners as it does to any other case. *Id*.

Martin's Second Amended Complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants for various discrete episodes occurring during Martin's incarceration. While it is arguable that most of his claims stem from the conditions of his confinement, the fact that he is incarcerated is not a "transaction" or "occurrence" under the Rules. As a result, there must be more tying each episode together.

### IV. DISMISSAL OF SECOND AMENDED COMPLAINT

Martin's Second Amended Complaint is of the "kitchen-sink" variety. Put differently, it appears to represent Martin's catalogue of everything that happened to him while incarcerated to which he takes exception. The *George* court instructed that such "buckshot complaints" should be "rejected." *Id*. Therefore, the Second Amended Complaint must be **dismissed**.

### V. OPPORTUNITY TO AMEND COMPLAINT

Martin shall have **through May 21, 2018,** in which **to file an amended complaint** containing only properly related claims. Should he wish to pursue the multiple unrelated claims asserted in his Second Amended Complaint, he may file additional civil rights complaints. If

Martin chooses to file additional complaints, he will be required to pay the $400.00 filing fee for each complaint, or demonstrate that he lacks the financial ability to do so. Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two (2) years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4.

In filing an amended complaint, Martin shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury Martin claims to have suffered and what persons are responsible for each such legal injury. Martin must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

In organizing his complaint, Martin may benefit from utilizing the Court's complaint form. The **Clerk is directed** to include a copy of the prisoner civil rights complaint form along with Martin's copy of this Entry.

Any amended complaint should have the proper case number, 1:18-cv-00992-TWP-DML, and the words "Third Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If an amended complaint is not filed as directed above, it will not be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**SO ORDERED.**

Date: 4/16/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Anthony C. Martin, #945288
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana  46064