UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-00992-TWP-DML ) |
| LARRY FOWLER,<br>LISA ASH,<br>DUSHAN ZATECKY,<br>ALSIP,<br>LIGONIER,<br>COLE,<br>MICHELLE RAINS,<br>PENNY EDEN,<br>DAVIS,<br>LONG,<br>STANFORD,<br>SARAH PECKHAM,<br>PAULA DICKSON,[1] | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**Entry Screening Fourth Amended Complaint and Directing Service of Process**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Correctional Industrial Facility ("CIF"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his fourth amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

---

[1] These thirteen defendants are the only named defendants in Mr. Martin's Fourth Amended Complaint.

Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The fourth amended complaint names thirteen defendants: 1) Larry Fowler, 2) Lisa Ash, 3) Dushan Zatecky, 4) Mr. Alsip, 5) Mr. Ligonier, 6) Mr. Cole, 7) Michelle Rains, 8) Penny Eden, 9) Paula Dickerson, 10) Sarah Peckham, 11) Officer Davis, 12) Internal Affairs Long, and 13) Internal Affairs Sandford. The plaintiff alleges that, after reporting sexual assault at Indiana State Prison, he was transferred to Pendleton Correctional Facility where the defendants retaliated against him for his complaints at Indiana State Prison by withholding and destroying his legal papers and denying him access to the law library and courts. He seeks monetary and injunctive relief.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, all claims against Mr. Ligonier, Mr. Cole and Paula Dickson are **dismissed** because the complaint contains no factual allegations against them.

Second, all claims against Dushan Zatecky and Mr. Alsip are **dismissed**. "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional

deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). *See also Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(*citing Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, --- F.3d ----, 2017 WL 396568, *3 (7th Cir. 2017). Mr. Martin has not alleged that Mr. Zatecky or Mr. Alsip were personally involved in the alleged constitutional violations. Instead, he only alleges that they failed to respond to his complaints about the violations. Such allegations are insufficient to state a claim under § 1983.

Third, Mr. Martin's Fourth Amendment and gross negligence claims based on the search of his computer files on the Pendleton Correctional law library servers are **dismissed**. A convicted prisoner, while in prison, has "no reasonable expectation of privacy in his prison cell that would protect him under the Fourth Amendment from unreasonable searches and seizures of his property." *King v. McCarty*, 781 F.3d 889, 899 (7th Cir. 2015). This principle extends to a prisoner's mail and computer files, given that a "right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their

cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984).

Fourth, Mr. Martin's claim that the defendants prevented him from filing grievances is **dismissed**. The Prison Litigation Reform Act's exhaustion requirement does not, however, create a freestanding right under federal law to access the administrative remedy process. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id*. at 1430-31(internal citations omitted).

Mr. Martin's First Amendment retaliation claim and denial of access to court claim against Larry Fowler, Lisa Ash, Michelle Rains, Penny Eden, Sarah Peckham, Officer Davis, Internal Affairs Long, and Internal Affairs Sandford **shall proceed**.

This First Amendment claim is the only viable claim identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through July 25, 2018,** in which to identify those claims.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## V. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c) to issue process to the defendants Larry Fowler, Lisa Ash, Michelle Rains, Penny Eden, Sarah Peckham, Officer Davis, Internal Affairs Long, and Internal Affairs Sandford in the manner specified by Rule 4(d). Process shall consist of the fourth amended complaint, dkt. [13], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

## VI. Summary

The Court has screened the plaintiff's complaint, **terminated** all previously-named defendants who were not named in the fourth amended complaint, **allowed claims** retaliation and denial of access to courts against Larry Fowler, Lisa Ash, Michelle Rains, Penny Eden, Sarah Peckham, Officer Davis, Internal Affairs Long, and Internal Affairs Sandford, **dismissed** claims against Dushan Zatecky, Mr. Alsip, Mr. Ligonier, Mr. Cole, and Paula Dickson, dismissed the plaintiff's Fourth Amendment, gross negligence, and interference with grievances claims, given the plaintiff **through July 25, 2018**, in which to identify additional claims, informed the defendant of his duty to update his address with the Court, and **designated the clerk to issue process** to the remaining defendants. Because all claims against them have been dismissed, the **clerk is directed to terminate** Dushan Zatecky, Mr. Alsip, Mr. Ligonier, Mr. Cole, Paula Dickson, as defendants in this action. The **clerk is further directed to terminate** on the docket all other defendants who were not named in the fourth amended complaint, which is the operative complaint in this case.

**IT IS SO ORDERED.**

Date: 6/19/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTHONY C. MARTIN
945288
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic Service to:

Larry Fowler
Lisa Ash
Michelle Rains
Penny Eden
Sarah Peckham
Officer Davis
Internal Affairs Long
Internal Affairs Sandford
                (All at: Pendleton Correctional Facility)