UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ANTHONY C. MARTIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:18-cv-00992-JRS-DML |
|  | ) |  |
| LARRY FOWLER, | ) |  |
| LISA ASH, | ) |  |
| MICHELLE RAINS, | ) |  |
| PENNY EDEN, | ) |  |
| DAVIS, | ) |  |
| LONG, | ) |  |
| SARAH PECKHAM, | ) |  |
| SANDFORD, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**Order Imposing Filing Ban and Dismissing Action**

Plaintiff Anthony C. Martin has once again attempted to defraud the Court. For the reasons explained below, this action is dismissed with prejudice and Mr. Martin is ordered to pay the outstanding filing fees owed to this Court as a sanction for his misconduct. Until he pays those fees, the Clerk of the Court is ordered to return unfiled any papers Mr. Martin submits to this Court, with the exception of appeal documents and habeas cases.

I. **Background**

Mr. Martin is a frequent litigator in the state of Indiana. He has filed more than 50 civil actions since 2000. He has filed 14 cases in this district in the past two years. Many of his lawsuits have been dismissed at screening for failure to state a claim upon which relief may be granted. *See e.g., Martin v. State of Indiana,* 1:12-cv-146-JTM-RBC (N.D. Ind. May 30, 2012) (dismissing case as frivolous and malicious and warning Mr. Martin that if he files another

frivolous or malicious lawsuit he may then be sanctioned by being restricted from any further civil litigation in this court.); *Martin v. Fort Wayne Police Department,* 1:04-cv-450-TLS-RBC (N.D. Ind. Nov. 21, 2005) (dismissing action as sanction for failure to comply with Court orders); *Martin v. Ross,* 1:08-cv-199-TLS-RBC (N.D. Ind. Nov. 25, 2008) (dismissing action at screening pursuant to 28 U.S.C. § 1915e(2)(B)(ii)); *Martin v. Ross,* 1:08-cv-247-RL-RBC (N.D. Ind. Oct. 31, 2008) (dismissing action at screening pursuant to 28 U.S.C. § 1915e(2)).

Mr. Martin also has a history of attempting to further his litigation through deception. The Northern District of Indiana dismissed two cases after finding that Mr. Martin had made false statements. In *Martin v. Fort Wayne Police Department*, 1:09-cv-154-RL-RBC (N.D. Ind. 2009), the Court found that Mr. Martin filed an *in forma pauperis* petition with intentional misrepresentations in an attempt to deceive the court. Mr. Martin's case was dismissed with prejudice as a sanction. In *Martin v. York,* 1:09-cv-332-JTM-RBC (N.D. Ind. 2009), Mr. Martin again intentionally misrepresented his financial status in an attempt to deceive the court. In response, the Northern District of Indiana dismissed the case with prejudice and restricted Martin from filing any new case without prepaying the filing fee for two years.

More recently in this Court, Case No. 1:18-cv-2443-JRS-MPB was dismissed at screening after the Court held that Mr. Martin's false statements made the complaint factually frivolous. On October 9, 2018, this Court wrote:

> Mr. Martin was previously warned by the Northern District of Indiana that if he continues to file false statements or frivolous actions, he could be sanctioned. In particular, the Court could direct the Clerk to refuse to file any papers submitted by Mr. Martin in any civil case. *See Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Mr. Martin is notified that if he makes another false statement in this Court this sanction will be imposed.

*Martin v. Zantecky*, Case No. 1:18-cv-2443-JRS-MPB, dkt. 8 at p. 5 (S.D. Ind. October 9, 2018).

## II. False Statement

Mr. Martin's most recent false statement was made in this action in his Motion for Assistance with Recruiting Counsel. Dkt. 61. The motion for assistance with recruiting counsel form used by this Court states: "List any other cases you have filed without counsel and note whether the Court recruited counsel to assist you in any of those cases." In response, the plaintiff wrote "N/A." Dkt. 61 at p. 3. Mr. Martin's response that this question is "not applicable" to him because there are no cases to list is false and intended to deceive.[1]

Moreover, Anthony C. Martin has filed at least 37 civil cases in the Northern District of Indiana. Eight of these civil cases are pending. He has filed 15 civil cases in this Court where 12 remain pending. It appears that nearly all of these cases were filed without the assistance of counsel and should have been referenced in his motion for assistance recruiting counsel.

"Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). It is for this reason that the Court requires accurate information in motions for counsel to fairly determine which of the hundreds of litigants seeking counsel each year should receive it. To make clear the importance of truthfulness, the motion for assistance recruiting counsel form requires the filer to sign the form under penalty of perjury. Mr. Martin complied with this requirement:

---

[1] The Court notes that this cannot be understood to be a typographical error because the same response was given by the plaintiff in his pending motion for counsel in *Martin v. Davis, et al.*, Case No. 1:18-cv-1794-RLY-DML, dkt 59 (S.D. Ind. June 19, 2019).

> I, the undersigned, swear and affirm under penalty for perjury that the above and foregoing representations are true and correct to the best of my knowledge and belief.
>
> 6-18-2019
> (date)
>
> (Signature – Signed Under Penalty for Perjury)

Dkt. 61 at p. 4.

This record reflects that Mr. Martin attempted to abuse the judicial process by seeking the Court's assistance recruiting counsel under the pretense that he does not have significant prior litigation experience. "[T]he judicial system cannot tolerate deception from litigants." *Neal v. LaRiva*, 765 F.3d 788, 790 (7th Cir. 2014).

**III.    Sanctions**

"A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (quoting *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009)). Such sanctions can include the imposition of a filing bar to restrict a plaintiff's ability to file new lawsuits. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (filing bar imposed on pro se party who continued to file false evidence and did not respond to monetary sanctions). A filing bar, however, must be tailored to the misconduct. *Henry v. United States*, 360 F. App'x 654, 656 (7th Cir. 2010).

Mr. Martin has demonstrated a sustained pattern of dishonesty before the Court. He has had cases dismissed as a result of his dishonesty and filing bans have been imposed. *See Martin v. York,* 1:09-cv-332-JTM-RBC (N.D. Ind. Dec. 21, 2009) (dismissing action and restricting Martin for two years from filing any new civil case without prepaying the full filing fee as a

sanction for making false statements). These sanctions have not had the intended effect. The appropriate sanction under these circumstances is to order Mr. Martin to pay the filing fees he owes to this Court in the amount of **Four Thousand Nine Hundred and Fifty Dollars and Zero Cents ($4,950)**. Until he pays those fees, the Clerk of this Court is **ORDERED to return unfiled any papers in civil litigation that Mr. Martin submits to this Court**, with the exception of a Notice of Appeal and habeas cases. *See Thelen v. Cross*, 656 Fed. Appx. 778 (7th Cir. 2016) (imposing filing ban and citing *Mack*, 45 F.3d 185). After two years, Mr. Martin may seek modification or rescission of this Order. *Mack,* 45 F.3d at 187 ("Perpetual orders are generally a mistake.").

The Court considered lesser sanctions, but they would not be effective because: 1) previous dismissals and lesser filing restrictions imposed by the Northern District of Indiana have not stopped Mr. Martin's deceptive litigation practices; and 2) Mr. Martin proceeds *in forma pauperis*, such that no monetary sanction would have an impact. *See Rivera v. Drake*, 767 F.3d 685, 687 (7th Cir. 2014). The Court also considered—and will again consider in the face of any future willful false statements from Mr. Martin—referring such false statement(s) for prosecution of perjury. For now, however, the sanctions imposed will protect the Court's resources and other parties from Mr. Martin's abusive litigation practices and willful dishonesty.

IT IS ORDERED that:

This action is DISMISSED with prejudice as a sanction for Mr. Martin's continued dishonesty and abusive litigation tactics.

Mr. Martin is barred from filing any papers in this Court (with the exception of habeas cases and a Notice of Appeal) until he pays **Four Thousand Nine Hundred and Fifty Dollars**

**and Zero Cents ($4,950)**. After two years, Mr. Martin may seek modification or rescission of this order.

Judgment consistent with this Order shall now issue.

IT IS SO ORDERED.

Date: 8/7/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTHONY C. MARTIN
945288
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Lyubov Gore
INDIANA ATTORNEY GENERAL
lyubov.gore@atg.in.gov

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov